After the trial, he had significant problems with his lower back, which was diagnosed by his treating doctor as causally related to the original accident. He filed a 19-H 8A petition with the Commission, which was denied. And the rationale was that since he did not receive an award during the initial proceedings, he was basically foreclosed from receiving an award in the 19-H. And also they felt that in comparing his testimony between the two hearings, there was no significant increase in his disability. Our position is that if under 19-H and under the rationale of interstate scaffolding, it's strictly statutory. There's nothing in 19-H that prevents you from recovering from a body part in a 19-H that wasn't awarded in the original proceeding. Well, you also had competing medical testimony, though, right? Yes. I mean, there was medical testimony that there was no causation on the back. Yes, I agree with that, that that is a problem. In this particular case, however, I felt that if the Commission had not made an error of law, that they may have ruled differently on that testimony, because he testified that his condition was the same but, quote, even worse. Now, you're talking about a Hispanic person here, and you have the difficulty with the translation difference. On the medical expenses, there's really nothing in the decision that even mentions the medical expenses. Getting back to the overarching issue, as my colleague pointed out, Dr. Younger opined in your favor, I believe the claimant had a herniated disc that was related to the work accident, correct? Judge, I just couldn't hear you. Dr. Younger opined the claimant had a herniated disc that was related to the work accident in the claimant's favor, correct? Correct. Then the employer has Dr. Zoluch, who testifies to the opposite conclusion, does not believe the back problem is related to the work accident. Yes. So where is the – how do you meet the standard that the finding is, you know, contrary to the manifest weight of the evidence? Well, it's our position that had the Commission ruled that – not made the mistake of law that you couldn't recover, we believe that their decision on that issue might be different. In other words, had they concluded that he could recover for the back, because if you read their decision, they're really saying that it's based upon the fact that he can't recover for the two different body parts. I think the – it's kind of an incidental finding that it, quote, wasn't worse, when in fact the testimony is that it was worse. Okay. So taking your logic a little bit further, does that preclude us from finding in favor of the Commission on any basis in the record? So would you automatically win under those circumstances? No. Thank you very much. May it please the Court. Counsel, Mark Matranga for the Appley New Beginnings Landscape. Is that a song or is that a beginning of your opening statement? It could be both, Your Honor. I haven't thought about that. I've never had much of a singing career, so let's – I think I'd stick with the latter. We gave some thought to this argument. It is sort of creative, actually. That counsel has made, sort of a law of the case kind of argument that we could have developed here. The gist of it, which would have been that because the Commission did not find disability with regard to the low back, that that was a law of the case and, therefore, would have been precluded from making an award for the low back here. But we declined to do so. I mean, it's kind of a jazzy issue. I think I'm going to be before this Court maybe sometime in the future if luck prevails maybe to argue such an issue. But it's not necessary to argue that here. Plus, it's a little vague in the sense that the Commission merely did not make an award for the back. The Commission was aware of the back because there was a history of back complaints, mild back pain, generalized pain, prior to the original arbitration proceedings. But since the Commission found that the man had no discernible lumbar or cervical complaints at trial, no award was given. But what do you make of his argument that takes it to another level and they made a mistake of the law? What's your response to that? I don't think so. Again, I don't view this as a law of the case issue because I'm just not certain that I would want to – I think there are just pitfalls with that particular kind of argument in this particular case with the facts we have because it's really not certain what the Commission did with the low back the first go around. One could argue that by making no finding whatsoever with regard to the low back that it was excluded. Yours truly would rather have something a little bit more specific before making the law of the case argument. But it's not necessary in any event because there's plenty of evidence upon which the Commission could have relied. Dr. Younger's opinion was not adopted specifically. By inference then, by implication, the opinion of Dr. Zellick would have been. Dr. Rabinowitz, who also saw the man, said that he had dramatic pain response. One could read between the lines there. Dr. Zellick felt that there was some symptom magnification. And one can infer from Dr. Rabinowitz that that was the case as well. So as far as medical evidence is concerned, there was much from which the Commission could choose, and it did. And ultimately found, not as the petitioner argues, that Mr. Flores could not receive an award merely because he had not received it at arbitration. No. They proved that whatever his back condition was at present, there's no causal connection between that back condition and the accident. That was Dr. Zellick's opinion. They also held that whatever his low back condition was at the time of the original arbitration, that there was no material change, which there really wasn't. His complaints were fundamentally the same. The Commission said at best they were vague. You know, I feel very bad. That's vague. So it is a manifest weight of the evidence issue. The Commission did not err at law by holding that Mr. Flores could not receive an award for his low back because he did not receive one initially. You will not find that in the decision. Therefore, the Commission was not hanging its hat on law of the case either. Again, I think it's a very, very interesting issue potentially, but I think we need not get there, at least not in this case. Thank you. Thank you, Counsel. The Court will take the matter under advisement for disposition.